ROBERT G. DOWLING, THIRD, vs. REGISTRAR OF MOTOR
VEHICLES & another.[1]

Barnstable. May 8, 1997. - July 21, 1997.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, GREANEY, & MARSHALL, JJ.

*Statute,* Construction. *Motor Vehicle,* License to operate. *Administrative Law,*
Agency's interpretation of statute.

The registrar of motor vehicles and the board of appeal on motor vehicle li-
ability policies and bonds properly construed the first and third paragraphs
of G. L. c. 90, § 22 (*c*), to suspend for one year the right to operate a mo-
tor vehicle in Massachusetts of a person who was convicted in New
Hampshire of driving while under the influence of alcohol and whose New
Hampshire operating license had been suspended for one year. [525-527]

CIVIL ACTION commenced in the Superior Court Department on
July 3, 1996.

The case was heard by *Richard F. Connon,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Gregory S. Gilman,* Assistant Attorney General (*Peter A. Se-
nopoulos* with him) for the defendants.

*Gerald S. Garnick* (*Lois M. Farmer* with him) for the
plaintiff.

O'CONNOR, J. On January 16, 1996, the plaintiff, Robert G.
Dowling, III, was convicted in New Hampshire of driving while
under the influence of alcohol. As a result, his right to operate a
motor vehicle in that State was suspended for one year. At the
time of his conviction, Dowling held a valid Massachusetts
driver's license. On January 29, 1996, the defendant registrar of
motor vehicles (registrar) was officially notified of Dowling's
conviction in New Hampshire and of the one-year suspension
of his right to operate a motor vehicle in that State. The registrar
suspended Dowling's Massachusetts license for one year.

---

[1]Board of Appeal on Motor Vehicle Liability Policies and Bonds.

Dowling appealed to the defendant board of appeal on motor vehicle liability policies and bonds (board). After a hearing, the board affirmed the registrar's action. Dowling then sought review of the board's decision in the Superior Court pursuant to G. L. c. 30A, § 14 (7). A judge in that court concluded that the registrar's suspension of the plaintiff's driver's license for one year was contrary to G. L. c. 90, § 22 (*c*). He reversed the board's decision and ordered that the suspension not exceed ninety days. The defendants appealed to the Appeals Court and we transferred the case to this court on our own initiative.

The first paragraph of G. L. c. 90, § 22 (*c*), provides as follows: "If the registrar receives official notice . . . that a resident of the commonwealth or any person licensed to operate a motor vehicle under the provisions of this chapter has been convicted in another state or country of a motor vehicle violation, the registrar shall give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth."

The third paragraph of c. 90, § 22 (*c*), provides: "If the registrar receives official notice . . . that a resident of the commonwealth, or any person licensed to operate a motor vehicle under the provisions of chapter ninety, or any applicant therefor has had a license or right to operate suspended or revoked in another state or country, the registrar shall not issue a license to said person, and if a license has already been issued the registrar shall immediately revoke said license, without a prior hearing. However, if said license or right to operate is subsequently reinstated by such other state or country, the person may apply to the registrar for reinstatement of said license in the commonwealth."

The registrar received official notice of two events: (1) the plaintiff had been convicted of a motor vehicle violation, and (2) the plaintiff's right to operate a motor vehicle in New Hampshire had been suspended for one year. The question before us is whether the registrar should have ordered the same suspension of the plaintiff's license as would have been appropriate if the conviction had occurred in Massachusetts, as the plaintiff contends and as the first paragraph of § 22 (*c*), if it

stood alone, would seem to require,[2] or instead was correct in ordering a one-year suspension in keeping with the suspension imposed in New Hampshire, as the defendants contend was proper and as the third paragraph of § 22 (c), if it stood alone, would appear to mandate.

We must interpret G. L. c. 90, § 22 (c), "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981), quoting *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). Where two statutory provisions relate to the same subject matter, as do the first and third paragraphs of G. L. c. 90, § 22 (c), whenever it is reasonably possible "they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds, supra*. We are satisfied that the two paragraphs in question can be harmoniously construed in a manner that is consistent with the legislative purpose.

"The duty of statutory interpretation is for the courts . . . but an administrative agency's interpretation of a statute within its charge is accorded weight and deference. . . . Where the [agency's] statutory interpretation is reasonable . . . the court should not supplant [its] judgment." (Citations omitted.) *Massachusetts Medical Soc'y* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988). According to the registrar and the board, both rules contained in the first and third paragraphs of G. L. c. 90, § 22 (c), apply when a Massachusetts resident or license holder's license or right to operate has been suspended or revoked in another State as a result of a conviction for a motor

---

[2]The plaintiff had no prior convictions for driving under the influence of alcohol and enrolled in a driver alcohol education program. Under G. L. c. 90, § 24 (1) (c) (1), the registrar is required to suspend for one year the license of any individual convicted of driving under the influence of alcohol, first offense, in Massachusetts. However, under G. L. c. 90, § 24D, if the individual consents, as the plaintiff did, he or she may be placed on probation for not more than two years and may be assigned to a driver alcohol education program. The driver's license of a person who consents to enrollment in a driver alcohol education program will, under G. L. c. 90, § 24D, be suspended by the court for not less than forty-five nor more than ninety days.

vehicle violation. In effect, this means that the rule of the first paragraph will govern when the suspension provided by Massachusetts law is longer than the suspension imposed by the sister State, and the rule of the third paragraph will govern when the suspension imposed by the sister State is longer than that provided by Massachusetts law. The registrar's construction of G. L. c. 90, § 22 (*c*), is reasonable and reflects the history of the statute.

Accompanying his submission to the General Court of House Bill No. 879, which became § 22 (*c*) of G. L. c. 90, the Governor included a statement referring the Legislature to an incident in which a "man [was] arrested for his twelfth drunk driving charge in Massachusetts. Despite having had his Massachusetts license revoked, he had obtained a New Hampshire license." 1990 House Doc. No. 879, at 2. The Governor's statement suggests that House Bill No. 879 was intended to prevent an individual from retaining or obtaining a license in one State while his or her license or right to operate is suspended or revoked in another State. Were we to adopt the plaintiff's construction of G. L. c. 90, § 22 (*c*), a Massachusetts licensee could retain his or her license and right to operate in forty-nine States during a period in which his or her right to operate in one State has been suspended or revoked as a consequence of a motor vehicle offense which occurred in that State. That would be the result in the present case if we were to subscribe to the plaintiff's interpretation of the statute. Similarly, the plaintiff's construction would permit an individual, whose license is under suspension in the State in which he was convicted of a motor vehicle violation, to obtain a driver's license in Massachusetts if the conviction would have resulted in a shorter period of suspension in Massachusetts than in the State where the violation occurred. Clearly, such a construction would be contrary to the objective of the statute. The defendants' construction of the statute, however, serves its objective. It makes it impossible for an individual who has lost his or her driver's license or right to operate a motor vehicle in one State as a result of a conviction of a motor vehicle violation or otherwise to retain or obtain a license in Massachusetts while the suspension or revocation in the State where the offense occurred remains in effect.

We further conclude that this construction of § 22 (*c*) is in accord with the objectives of G. L. c. 90, § 30B, the "interstate compact for reporting motor vehicle convictions." In *Matter of*

*Johnson*, 226 N.J. Super. 1, 6 (1988), a New Jersey court examined the primary objectives of the interstate compact. The court relied heavily on a document entitled "The Driver License Compact," issued by the Secretariat of the American Association of Motor Vehicle Administrators, which describes the purposes of the compact. *Id.* According to the document, one of the compact's objectives is to "keep drivers . . . if under suspension or revocation, from displaying a license certificate from a jurisdiction other than the one which has issued the suspension order." *Id.*

General Laws c. 90, § 22 (*c*), "is to be interpreted in the light of its purpose and, so far as may be, to promote the accomplishment of its beneficent design." *Automobile Insurers Bur. of Mass.* v. *Commissioner of Ins.*, ante 262, 267 (1997), quoting *Neff* v. *Commissioner of the Dep't of Indus. Accidents*, 421 Mass. 70, 73 (1995). Considering the "mischief or imperfection to be remedied [by the statute]," *Registrar of Motor Vehicles*, *supra* at 585, we conclude that the defendants' interpretation is correct.

The Superior Court judgment is reversed and the board's decision is affirmed.

*So ordered.*