Toomey, J.
The plaintiff Brian A. Jacobus moves for judgment on the pleadings under G.L.c. 30A, §14. For the reasons given below, the defendant Board of Appeal on Motor Vehicle Liability Policies and Bonds’ decision affirming the defendant Registrar of Motor Vehicle’s decision to revoke the plaintiffs license is AFFIRMED.
FACTS
On July 19, 1993, the plaintiff, having driven up a ramp and onto the highway, recalled that he had left his wallet at a gas station. The plaintiff stopped his car, a Ford Escort, just beyond the merge of the entrance ramp and the roadway; he intended to back down the ramp. As the plaintiff was stopping his Escort, another car, a Mercury Cougar, proceeded up the ramp. The driver of the Cougar swerved to the left of the plaintiffs Escort and into the path of a third car, a Pontiac Firebird, traveling in the left lane of the roadway. A collision occurred resulting in the death of the driver of the Cougar.
On March 24, 1995, the plaintiff was convicted by a jury upon a complaint accusing him of motor vehicle homicide by negligent operation in violation of G.L.c. 90, §24G. As a result of that conviction, the Registrar revoked the plaintiffs driver’s license for ten years as required by G.L.c. 90, §24G(c). After a hearing, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”) affirmed the Registrar’s revocation. Plaintiff has appealed, pursuant to G.L.c. 30A, §14, and seeks remedy from this court in the nature of relief from the revocation.
The plaintiff now alleges that he has suffered great hardship because of the revocation of his license. A minister, he alleges that his lack of a license prevents him from fulfilling the responsibilities of his vocation. He also alleges that it prevents him from earning additional income on which his family is dependent.
DISCUSSION
The Board’s decision will be upheld if it is not infected by an error of law and is supported by substantial evidence, that is, “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Cherubino v. Board of Registration of Chiropractors, 403 Mass. 350, 354 (1988), quoting G.L.c. 30A, §1(6); G.L.c. 30A, §14(7). If not supported by substantial evidence, the Board’s decision is arbitrary and capricious and cannot be permitted to stand. Massachusetts General Hosp. v. Commissioner of Pub. Welfare, 350 Mass. 712 (1966).
The plaintiff, as the party appealing an administrative decision, bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981). In reviewing the Board’s decision, the court must give due weight to the “experience, technical competence, and specialized knowledge of the [Board], as well as to the discretionary authority conferred upon it.” Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992), quoting G.L.c. 30A, §14(7) (“[t]his standard of review is highly deferential to the agency on questions of fact and reasonable inferences drawn therefrom”); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987).
In performing its review function, the court may not substitute its judgment for that of the Board, Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), and must acknowledge that the Board is the sole judge of the credibility and weight of the evidence before it during the administrative proceeding. Greater Media, Inc. v. Department of Pub. Utils., 415 Mass. 409, 417 (1993); Hickey v. Commissioner of Pub. Welfare, 38 Mass.App.Ct. 259, 262 (1995). The court may not dispute the Board’s choice between two conflicting views, “even though the court would justifiably have made a different choice had the matter come before it de novo." Zoning Board of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982), quoting Labor Relations Comm’n v. University Hosp., Inc., 359 Mass. 516, 521 (1971). Application of the *402 foregoing principles of law persuades this court that the decision of the instant Board ought not to be disturbed.
At bottom, the plaintiff contends that the Board erroneously disregarded the hardship he suffers as a result of the revocation and that that disregard constitutes an error of law. The plaintiff also argues that the Board’s decision is not supported by substantial evidence. The Board responds that it was not required to consider hardship because the statute mandates revocation and that, in any event, it did consider and reject the plaintiffs allegations of hardship.
The plaintiff correctly contends that the Board is not bound to the mandatory revocation language of G.L.c. 90, §24G(c). See Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 382 Mass. 580, 583 (1980) (holding that identical language in G.L.c. 90, §24 did not bind the Board). By its terms, G.L.c. 90, §24G(c) binds only “the registrar."[2] Furthermore, a plaintiff is entitled to "a new trial on all issues and a full hearing on the merits is in no way limited to or restricted by what had occurred at the previous hearing before the registrar.” Id. at 584, 589, quoting Ullian v. Registrar of Motor Vehicles, 325 Mass. 197, 199 (1950); G.L.c. 90, §28. While it is thus within the discretion of the Board to consider hardship as a ground for avoiding mandatory revocation, there is, nevertheless, no requirement that the Board so consider, nor is there any requirement that, upon the finding of hardship, the Board reinstate the appellant’s license. See id.
Furthermore, the decision of the Board demonstrates that the Board did consider the plaintiffs evidence of hardship. The Board noted that the plaintiffs wife drives and does not work. Administrative Record at 1. The Board pointed out that the court, when sentencing the plaintiff, must have anticipated the onus of the pending revocation because the court refrained from incarcerating plaintiff. Id. at 2. Although such an inference may be a bit speculative, it is not wholly unreasonable and certainly suggests that hardship was factored into the Board’s analysis. The Board also reasoned that, “if the mere need for transportation qualified as a hardship requiring license reinstatement, the Board would have to return a license to virtually every appellant.” Id. And, most significantly, the Board expressly recited that it had considered hardship. Id. Plaintiffs present argument to the contrary founders on the facts.
The Board’s decision is also based on substantial evidence. See Cherubino, supra, 403 Mass. at 354. The record is conclusive, and plaintiff does not contest, that the plaintiff was convicted of motor vehicle homicide by negligent operation. Whether the hardships alleged by plaintiff ought to have resulted in a mitigation of the result was a question for the Board to resolve and this court cannot substitute its judgment for that of the Board on the question of the ameliorating consequences of the hardship. See Zoning Board of Appeals of Wellesley, supra, 385 Mass. at 657. Relief, based on hardship, is wholly within the discretion of the Board, assuming, of course, that its decision is not arbitrary, capricious or burdened by error of law. No such defects appear at bar.
ORDER
For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is DENIED, and the Board of Appeal on Motor Vehicle Liability Policies and Bonds’ decision is AFFIRMED.

 G.L.c. 90, §24G(c) provides that ”[t]he registrar shall revoke the license or right to operate of a person convicted of a violation of subsection (a) or (b) for a period of ten years after the date of conviction for a first offense.”