Brassard, J.
The plaintiff, William J. Jarrett (“Mr. Jarrett”) filed this administrative appeal pursuant to M.G.L.c. 30A. Mr. Jarrett appeals the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”) affirming the Registrar of Motor *700 Vehicles’ (“Registrar”) suspension of Mr. Jarrett’s Massachusetts driver’s license.
For the following reasons, the plaintiffs motion for judgment on the pleadings is DENIED.

BACKGROUND

Based on both his refusal to submit to a blood alcohol test and his subsequent conviction for OUI on May 29, 1995, New Hampshire suspended Mr. Jarrett’s New Hampshire driver’s license for a total of five years, until May 13, 2000. On January 11, 1999 the Massachusetts registrar notified Mr. Jarrett that his Massachusetts driver’s license would be revoked until the expiration of the suspension period imposed by New Hampshire. A Massachusetts resident since New Hampshire revoked his license, Mr. Jarrett appealed the registrar’s decision to the Board on March 29, 1999. After holding a hearing, the Board affirmed the license revocation.
On the present appeal, Mr. Jarrett contends: (1) that the Registrar violated G.L.c. 90, §22(c) by revoking his license without giving him a hearing; (2) that because the transcript of the hearing is not included in the administrative record, there is insufficient evidence in the record to support the decision to revoke his license; and (3) that Massachusetts law entitles him to a hardship hearing. In response the Board maintains that its decision is supported by both substantial evidence and applicable law.

DISCUSSION

The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 472, 473 (1989). The court’s review of an agency decision is based on the administrative record alone. G.L.c. 30A, §14(5). In its review of the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992).

G.L.c. 90, §22(c)

Contrary to Mr. Jarrett’s argument, G.L.c. 90, §22(c) did not require the registrar to hold a hearing prior to suspending Mr. Jarrett’s license. The statute provides that “if the registrar receives official notice . . . that a resident of the commonwealth . . . has had a license or right to operate suspended or revoked in another state . . . and if a license has already been issued the registrar shall immediately revoke said license, without a prior hearing.” G.L.c. 90, §22(c). (Emphasis added.) The statute provides explicit direction for a registrar confronted with an individual whose license has been suspended by another state. Consequently, the Board’s decision affirming the registrar’s suspension of Mr. Jarrett’s license was in accordance with G.L.c. 90, §22(c).
Likewise, the Board’s interpretation of c. 90, §22(c), authorizing the registrar to suspend Mr. Jarrett’s Massachusetts license for a period equal to that allowed under New Hampshire law was reasonable. See Dowling v. Registrar of Motor Vehicles, 425 Mass. 523, 526-526 (1997) (Supreme Judicial Court affirmed the Board’s interpretation of c. 90, §22(c), holding that when the suspension imposed by the sister state is longer than that provided by Massachusetts law the registrar shall not reinstate a license until reinstatement by the sister state).

Administrative Record

Mr. Jarrett also argues that because there was no pre-suspension hearing before the registrar and no transcript thereof, there is no factual record to support the registrar’s decision. The statute authorized the registrar to revoke Mr. Jarrett’s license without a hearing. When an agency charged with interpreting and enforcing a statute has construed the statutory language, that interpretation is entitled to the court’s deference. Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 718 (1988). Therefore, Mr. Jarrett may not successfully argue that the lawful absence of a pre-termination hearing before the registrar entitles him to judgment on appeal.

Hardship

Although the Board has the authority to modify or annul the registrar’s mandatory revocation of Mr. Jarrett’s license, the Board is not required to consider hardship as a ground for modifying a mandatory revocation. Jacobus v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, Mass. Superior Court, CA No. 96-2711A, (Toomey, J.) (September 4, 1997), 7 Mass. L. Rptr. 401, 1997 WL 573203, at 2. The Board in this case did consider the possible hardships caused by Mr. Jarrett’s license suspension but concluded that such considerations were not persuasive in mitigating the length of the suspension. This court may not substitute its judgment for that of the Board on questions largely left to the Board’s discretion. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n. 386 Mass. 414, 420-21 (1982).
Mr. Jarrett maintains that he is entitled to a hardship hearing pursuant to G.L.c. 90, §24(l)(c)(2). However, there is no evidence before the court that Mr. Jarrett applied for a such a hearing pursuant to c. 90, §24(l)(c)(2). Therefore, the question ofhis entitlement to a hardship hearing is not before the court.

ORDER

For the foregoing reasons, it is therefore ORDERED that the decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds is AFFIRMED.