Fecteau, J.
The plaintiff seeks judicial review, pursuant to the provisions of G.L.c. 30A, Sec. 14, of a decision of the defendant Board of Appeals on Motor Vehicle Liability Policies and Bonds (“Board”) which affirmed the action of the Registrar of Motor Vehicles in having suspended the plaintiffs Massachusetts drivers license for five years, under the provisions of G.L.c. 90, §22(c), by reason of such action having been taken against him by the corresponding licensing authority in the state of New Hampshire. The plaintiff claims that the Board of Appeals committed an error of law by reason that it failed to recognize, contrary to G.L.c. 90, §28, that its own decision-making authority allowed the exercise of discretion; furthermore, the plaintiff contends that such failure consequently resulted in a denial to the plaintiff of any opportunity to present evidence upon which the board might have relied in the proper exercise of its discretion that would have allowed a departure from the strict application of this reciprocity statute for possible modification or annulment of the suspension.

BACKGROUND

The plaintiffs complaint was timely filed in this court on September 3, 2003, following the decision of the board dated August 8, 2003. The enforcement action of the State of New Hampshire arose from an automobile accident as a result of which another operator was killed, and for which the plaintiff herein was cited for various motor vehicle offenses, resulting, ultimately, in a finding of responsibility for a “yellow-line” violation. The plaintiff filed his motion for judgment on the pleadings on March 10, 2004, to which the defendant is opposed and against it which has filed a cross motion for judgment on the pleadings in its favor.
On July 29, 2001, the plaintiff, while operating a motor vehicle on Route 101 in Amherst, New Hampshire, crossed the yellow center line of that road and collided with a motor vehicle operated by one Lillian Prud’homme, resulting in her death. Although originally cited for negligent or reckless operation, the plaintiff was found guilty of a yellow-line violation. This led to a hearing before the New Hampshire motor vehicle licensing authority, who imposed a 5-year suspension of his right to operate in New Hampshire. Notice was received in Massachusetts, the plaintiffs state of residency, and the Registrar of Motor Vehicles, pursuant to the statutory requirements of G.L.c. 90, §22(c), suspended his Massachusetts drivers license for the period of the New Hampshire suspension. An appeal was filed with the defendant Board of Motor Vehicle Policies and Bonds. The board affirmed the decision of the registrar in a one and one-half page decision, in which it stated that “the Board is bound to honor the suspensions of another state." This complaint for judicial review followed.
*692 STANDARD OF REVIEW
The scope of review of an agency’s decision is defined by G.L.c. 30A, §14, citing Howard Johnson Company v. Alcoholic Beverages Control Commission, 24 Mass.App.Ct. 487, 490 (1987). Pursuant to G.L.c. 30A, §14(7) the court may “either affirm, remand, set aside or modify an agency’s decision ... if it determines that the substantial rights of any party may have been prejudiced because the agency’s decision is:
(c) based upon an error of law; or
(e) unsupported by substantial evidence; or
(f) unwarranted by facts found by the court on the record as submitted . . . ; or
(g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
According to G.L.c. 30A, §1(6), “substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion.” The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bds., 27 Mass.App.Ct. 470, 474 (1989); also Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981). In reviewing the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n., 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n., 385 Mass. 651, 657 (1982).
DISCUSSION
The plaintiff contends that the Board’s interpretation of its own authority is erroneous as a matter of law, in that such an interpretation renders the appeals process of G.L.c. 90, §28 moot. He insists that, notwithstanding the mandatory nature of the action imposed upon the Registrar of Motor Vehicles by virtue of G.L.c. 90, §22(c), the Board of Appeals continues to possess full jurisdiction to hear and consider appeals pursuant to the provisions of G.L.c. 90, §28. He argues that the Legislature did not intend to divest the Board of Appeals of that jurisdiction or to render it illusory since under ordinary rules of statutory construction, it would be presumed to know its own statutes and the caselaw that has developed thereunder; moreover, the plaintiff contends that since c. 90, §22(c) does not prohibit application for a hearing under the provisions of §28 nor change the appeal process in any way, the Board must continue to enjoy all powers and discretion previously recognized. For these propositions, the plaintiff relies upon the case of Registrar of Motor Vehicles v. Board of Appeal on Motor Veh. Liability Policies and Bonds, 382 Mass. 580 (1981). The defendant disagrees, contending that the obvious public purpose of the reciprocal statute requiring mandatory license revocations and suspensions would be circumvented if the traditional appellate discretion was afforded to the Board. The Board relies heavily upon Dowling v. Registrar of Motor Vehicles, 425 Mass. 523 (1997).
It appears rather clear that the Board considered, not only the registrar, but itself as well, to be bound by the reciprocity statute by the words it expressed, in its brief decision, that “the Board is bound to honor the suspensions of another state. Any alternative would render the sanction moot. Individuals could avoid any revocation penalties simply by moving from state to state. The National Drivers Registry provides a computerized system whereby this possibility can be avoided. The decision of the Registrar is affirmed.” (Administrative Record, p. 2 [emphasis added].) Given the limitations that the Board imposed upon its own authority, and the absence of any other findings from which its exercise of discretion might be gleaned, it is clear that the Board did not provide an opportunity to the plaintiff for a full hearing under the provisions of G.L.c. 90, §28.
The defendant relies primarily upon the authority of the Dowling decision, in defending its position that the reciprocity statute is intended to be mandatory upon the Board as well, except in cases of factual error in its application. I note first that the case reaffirmed the notion that when “two statutory provisions relate to the same subject matter, whenever it is reasonably possible ‘they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose.’ ” Dowling, supra, at 525. Second, the court in Dowling was asked simply to consider the relationship between the first and third paragraphs of G.L.c. 90, §22(c), and did not consider its relationship with any other section, such as the appeal process of section 28.
The case relied upon by the plaintiff did not involve an interpretation of section 22(c) but rather another statutorily-imposed license suspension with which the registrar must comply, namely, for two adjudications of delinquency or convictions for “use without authority,” under the provisions of G.L.c. 90, §24(2)(b). The court held that “under G.L.c. 90, §28, the board in its discretion may affirm, modify, or annul actions taken by the registrar pursuant to the mandatory revocation provisions of G.L.c. 90, §24(2),” and that a section 28 “appeal,” as construed in Ullian[v. Registrar of Motor Vehicles, 325 Mass. 197, 199 (1950), applies *693 to mandatory as well as discretionary revocations by the registrar.[1]
The defendant here makes an argument, similar to that made in Registrar, supra, contending that, in order to construe the two statutes harmoniously, the clear and specific legislative intent of the later statute (here §22(c), first appearing in its present form in 1990), when measured against the more broad and older statute, §28, must result in an interpretation that prohibits the board from annulling or modifying license suspensions which are mandated by §22(c) unless the invocation of §22 (c) by the registrar was factually or legally incorrect. There the court disagreed, observing that “to do so would amount to impliedly repealing a portion of the board’s power of review. We are loath to find that a prior statute has been superceded in whole or in part in the absence of express words to that effect or of clear implication.” [Citations omitted.] Registrar of Motor Vehicles, supra, at 585. To accept the position of the Board herein would likewise amount to an implicit repeal of the board’s power of review. I find no difference of significance as to the authority of the Board in its consideration of a suspension mandated under the provisions of G.L.c. 90, §24, from that mandated under §22(c), and notwithstanding the interstate compact, G.L.c. 90, §30B.[2]1 also find it noteworthy that a prior decision of this court cited by the defendant Board, which involved an appeal under the provisions of G.L.c. 30A, resulting from a suspension under the same reciprocity statute involved herein, stated: “[a]lthough the Board has the authority to modify or annul the registrar’s mandatory revocation of Mr. Jarrette’s license, the Board is not required to consider hardship as a ground for modifying a mandatory revocation.” Jarrette v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 10 Mass. L. Rptr. 669 (1999). Thus, I find that the Board’s decision, based upon its belief that it was bound to honor the suspension of another state, was erroneous as a matter of law. This case must be remanded to the Board for a hearing under the provisions of and consistent with G.L.c. 90, §28.
ORDER
For the foregoing reasons, the decision of the Board of Appeal on Liability Policies and Bonds is annulled. This matter is ordered remanded to the Board of Appeal for further proceedings consistent with this decision.

In Ullian, and as noted in Registrar of Motor Vehicles v. Board of Appeal 382 Mass. 580, 584 (1981), the court construed the word “appeal” in §28 “as providing for a new trial on all issues and a full hearing on the merits in no way limited or restricted by what had occurred at the previous hearing before the registrar.” Ullian, supra at 199.

The interstate compact neither expressly nor implicitly prohibits suspension appeal processes. Indeed, it states: “Except as expressly required by provisions of this compact, nothing contained herein shall be construed to affect the right of any party state to apply any of its other laws relating to licenses to drive to any person or circumstance . . .” c. 90, §30B(V).