100         64 Mass. App. Ct. 100 (2005)

Labrecque *v.* Board of Appeal on Motor Vehicle Liability Policies and Bonds.

## Adam A. Labrecque *vs.* Board of Appeal on Motor Vehicle Liability Policies And Bonds.

No. 04-P-1334.

Middlesex. May 9, 2005. - July 22, 2005.

Present: Kantrowitz, Smith, & Doerfer, JJ.

*Motor Vehicle,* Habitual traffic offender, License to operate. *Habitual Offender. Board of Appeal on Motor Vehicle Liability Policies and Bonds.*

This court concluded that G. L. c. 90, § 22F, when read in conjunction with G. L. c. 90, § 22(*c*), permitted the Registrar of Motor Vehicles to consider out-of-State convictions as well as in-State convictions in determining that the plaintiff was a habitual traffic offender whose license to operate a motor vehicle should be revoked. [101-102]

Civil action commenced in the Superior Court Department on October 15, 2003.

The case was heard by *Christine M. McEvoy,* J., on motions for judgment on the pleadings.

*Annapurna Balakrishna,* Assistant Attorney General, for the defendant.

*Joseph C. Clermont* for the plaintiff.

Doerfer, J. The Habitual Traffic Offender (HTO) statute, G. L. c. 90, § 22F, requires the Registrar of Motor Vehicles (registrar) to treat an individual as a habitual traffic offender when the registrar's records show that the person has accumulated three or more of certain enumerated convictions within a period of five years. An HTO determination results in a four-year revocation of that person's license. Of the plaintiff's three predicate convictions, one was under the law of New Hampshire. We affirm the determination of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) that the New Hampshire conviction should be counted and that the registrar was correct in suspending the plaintiff's license to operate a motor vehicle as a habitual traffic offender.

The plaintiff has three relevant driving convictions: (1) on June 13, 2003, he was convicted in Ayer District Court of driving with a revoked license; (2) on February 21, 2000, he was convicted in New Hampshire of operating under the influence of intoxicating liquor (OUI); and (3) on September 8, 1998, he was convicted in Lowell District Court of OUI. The registrar applied all three convictions under G. L. c. 90, § 22F, and suspended his license. The defendant board denied the plaintiff's appeal. On review under G. L. c. 30A, § 14, a Superior Court judge reversed, accepting the plaintiff's argument that, under G. L. c. 90, § 22F, only OUI convictions arising out of Massachusetts violations under G. L. c. 90, § 24(1)(*a*), may be considered.

General Laws c. 90, § 22F, as amended through St. 1974, c. 145, states in relevant part:

> "A person shall be deemed an habitual traffic offender when records maintained by the registrar show that such person has accumulated the following convictions within a five-year period[:] . . . three or more convictions . . . of operating a motor vehicle while under the influence of intoxicating liquor or narcotic drugs in violation of paragraph (*a*) of subdivision (1) of section twenty-four . . . ."

General Laws c. 90, § 22(*c*), as amended through St. 1990, c. 256, § 1, states in relevant part:

> "If the registrar receives official notice, in any form which the registrar deems appropriate, including electronic transmissions, that a resident of the [C]ommonwealth or any person licensed to operate a motor vehicle under the provisions of this chapter has been convicted in another [S]tate or country of a motor vehicle violation, the registrar shall give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the [C]ommonwealth."

When these two sections of c. 90 are read together, it is clear that where the registrar is determining what the consequences should be to the right of a person who has accumulated convic-

tions of a certain character to operate a motor vehicle, out-of-State convictions should be treated as if they were in-State convictions. See *Commonwealth* v. *Flaherty*, 61 Mass. App. Ct. 776, 779 (2004).

We do not regard as significant the specific reference to G. L. c. 90, § 24(1)(*a*), contained in G. L. c. 90, § 22F, and the failure to mention, in § 22F, convictions in other jurisdictions, in view of the specific provisions of G. L. c. 90, § 22(*c*).

Moreover, "an administrative agency's interpretation of a statute within its charge is accorded weight and deference. . . . Where the [agency's] statutory interpretation is reasonable . . . the court should not supplant [its] judgment." *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997), quoting from *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988). The board's application of the reciprocity provision contained in G. L. c. 90, § 22(*c*), which directs the registrar to treat an out-of-State conviction as though it occurred in Massachusetts for purposes of suspending or revoking a license, is supported by *Dowling, supra.* Here, the board's interpretation appears to be in line both with the reasoning in *Dowling* and the statutory purpose. See *Commonwealth* v. *Connor C.*, 432 Mass. 635, 640 (2000) ("Statutes concerning a common topic should, of course, be read as a whole to produce an internal consistency and to effectuate the presumed intention of the Legislature"). The judgment of the Superior Court is thus reversed, and a new judgment shall enter affirming the board's determination.

*So ordered.*