70 Mass. App. Ct. 131 (2007)                                    131

Breslin *v.* Board of Appeal on Motor Vehicle Liability Policies and Bonds.

ROBERT E. BRESLIN *vs.* BOARD OF APPEAL ON MOTOR
VEHICLE LIABILITY POLICIES AND BONDS & another.[1]

No. 06-P-1282.

Essex. April 11, 2007. - September 12, 2007.

Present: CYPHER, DOERFER, & KATZMANN, JJ.[2]

*Registrar of Motor Vehicles,* Revocation of license to operate. *Motor Vehicle,*
Operating under the influence, License to operate, Board of Appeal on Mo-
tor Vehicle Liability Policies and Bonds.

A decision of the Board of Appeal on Motor Vehicle Liability Policies and
Bonds, upholding the permanent revocation by the registrar of motor
vehicles of the plaintiff's operator's license, was supported by substantial
evidence, was not arbitrary or capricious, did not constitute an abuse of
discretion, and was not otherwise not in accordance with law, where G. L.
c. 90, § 24(1)(c)(3 ³/₄), mandated the revocation following the plaintiff's
fifth conviction of operating a motor vehicle while under the influence of
alcohol. [133-135]

In a civil action challenging a decision of the Board of Appeal on Motor
Vehicle Liability Policies and Bonds (board), upholding the permanent
revocation by the registrar of motor vehicles (registrar) of the plaintiff's
driver's license, the judge erred in ordering the matter remanded to the
board for consideration of the issuance of a hardship license, where no
decision of the registrar on a hardship license was before the board, and
the board had no independent statutory power to issue such a license. [135]

In circumstances where the registrar of motor vehicles (registrar), pursuant to
G. L. c. 90, § 24(1)(c)(3 ³/₄), had permanently revoked the plaintiff's
operator's license following his fifth conviction of operating a motor
vehicle while under the influence of alcohol, there was no basis for the
order of the Board of Appeal on Motor Vehicle Liability Policies and
Bonds that the plaintiff be allowed to file a new appeal after a certain date,
where any appeal or request for a hardship license would have to be ad-
dressed to the registrar, but the statute specifically prohibits the grant of
such a request. [135-136]

CIVIL ACTION commenced in the Superior Court Department on
September 29, 2005.

[1]Registrar of Motor Vehicles. The registrar did not participate in this appeal.
[2]Justice Doerfer participated in the deliberation on this case prior to his
retirement.

The case was heard by *Elizabeth M. Fahey*, J., on a motion for judgment on the pleadings.

*Julie B. Goldman*, Assistant Attorney General, for the Board of Appeal on Motor Vehicle Liability Policies and Bonds.

*Joseph C. Delcore* for the plaintiff.

CYPHER, J. The plaintiff, Robert E. Breslin, was notified by the registrar of motor vehicles (registrar) that, effective March 12, 2005, his driver's license was revoked for his lifetime because of five convictions for operating a motor vehicle while under the influence of intoxicating liquor (OUI). G. L. c. 90, § 24(1)(c)(3 3/4). He appealed to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) pursuant to G. L. c. 90, § 28. The board affirmed the registrar's revocation in November, 2005.

The plaintiff filed a complaint for judicial review in the Superior Court, G. L. c. 30A, § 14, seeking reinstatement of his license or, alternatively, the grant of a hardship license. A judge denied his motion for judgment on the pleadings in June, 2006, affirming the registrar's decision to revoke his license, but remanded to the board for further consideration on issuance of a hardship license.

The board appealed so much of the judgment as remanded the case to the board.

*The board's decision.* In the course of the plaintiff's June, 2005, appeal to the board of a one-year suspension of his license for a conviction of OUI that occurred on October 8, 2004, in Maine, a registry advocate discovered the plaintiff had four previous convictions.[3] Subsequently, the registrar notified the plaintiff on June 27, 2005, that his license to operate was revoked for his lifetime, effective March 12, 2005. At a rescheduled hearing held in September, 2005, the plaintiff did not dispute the prior convictions. He argued, however, that the board did not credit his testimony to the effect that he had had no conviction for over a thirty-year span until the conviction in Maine.

The board nevertheless found on the record that the plaintiff's

---

[3]The plaintiff's four previous convictions in Massachusetts occurred on March 25, 1966, in Salem; June 12, 1971, in Gloucester; June 16, 1973, in Malden; and September 9, 1974, in Revere.

70 Mass. App. Ct. 131 (2007)                    133

Breslin *v*. Board of Appeal on Motor Vehicle Liability Policies and Bonds.

five convictions required application of the controlling law for five convictions of OUI. General Laws c. 90, § 24(1)(*c*)(3 ³/₄), as amended by St. 2002, c. 302, § 3, requires that:

> "Where the license or the right to operate of a person has been revoked under paragraph (*b*) and such person has been previously convicted of [OUI] or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like violation four or more times preceding the date of the commission of the offense for which such person has been convicted, such person's license or right to operate a motor vehicle shall be revoked for the life of such person, and such person shall not be granted a hearing before the registrar for the purpose of requesting the issuance of a new license on a limited basis on the grounds of hardship."

*Analysis.* In our review of the board's decision in this case, we focus principally on whether the board's decision was based on error of law, was unsupported by substantial evidence, was arbitrary and capricious, constituted an abuse of discretion, or otherwise was not in accordance with law. G. L. c. 30A, § 14(7)(*a*)-(*g*).[4]

While not disputing any of his convictions before the board, the plaintiff sought to separate his most recent conviction from the others by emphasizing the considerable length of time between them and the recent conviction in Maine, as well as asserting his long-time attendance at Alcoholics Anonymous (AA) meetings. Neither of these arguments is availing in excluding his four prior OUI convictions from the application of G. L. c. 90, § 24(1)(*c*)(3 ³/₄). We agree with the judge's analysis that the amendment of § 24 by St. 2002, c. 302, §§ 1-4, removed the limited "look-back" period of ten years when determining whether a person previously had been convicted of an OUI violation. Accordingly, all prior convictions, without limitation in time, may be counted as prior offenses. Moreover, the plaintiff's argument that the board doubted his credibility on his claim of

---

[4]In this case, it is apparent that there were no violations of constitutional provisions, that there was no unlawful procedure, and that the board did not act in excess of statutory authority or its jurisdiction.

attending AA meetings, and his suggestion that the board should have given credence to the long interval between the earlier offenses and the fifth conviction in 2004,[5] are simply irrelevant to the determination of the number of convictions. There is nothing in the statute indicating that the registrar is to do anything more than make a simple numerical count of the convictions on record.

We must view the statute according to the "general rule that 'a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981), quoting from *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). "[T]he statutory language itself is the principal source of insight into the legislative purpose." *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977).

Viewed accordingly, it surely is no surprise that § 24(1)(*c*) (3 3/4) so starkly terminates operating rights following the progressively severe restrictions applied to repeat offenders in the four preceding subparagraphs of § 24(1)(*c*). Those sections provide that the registrar shall not restore a license for periods ranging from one year for a first offense to ten years for a fourth offense, but permit the registrar discretion, after waiting periods of increasing length, to issue new licenses for "employment or education purposes," or on a "limited basis on the grounds of hardship." It is clear the Legislature decided that a fifth offense would require the more drastic measure of a permanent revocation of a license,

---

[5]The board stated the plaintiff testified that the conviction in Maine was the result of a relapse for "certain traumatic events in his family." The board found that that testimony was in conflict with testimony of a licensed Massachusetts alcohol and drug counsellor, who reported that the plaintiff had been depressed that evening and had stopped at a bar on the way to Maine. A review of documents revealed that the defendant also was charged with unlawful possession of a class D substance.

The board concluded that it had doubts about the plaintiff's length of sobriety. While he claimed that he had attended AA meetings since 1969, three of his convictions occurred in 1971, 1973, and 1974.

and that the registrar in such an instance not be permitted to grant the offender a hearing to request the issuance of a new license on hardship grounds.

We agree with the judge that the revocation actions of the registrar were mandated by law. Accordingly, we conclude there was no error of law, and the board did not act arbitrarily or capriciously.

Our final consideration is the board's appeal of the judge's order of remand to the board for consideration of the issuance of a hardship license. While the board acknowledged that the plaintiff, a journeyman plumber, stated a need to drive to work and to various job sites, the board essentially dismissed consideration of the issue by stating "that is an inconvenience contemplated by the Legislature when [it] revised the statute in 2002." The board did not purport to rule on the issue.

Under G. L. c. 90, § 28, on an appeal from a ruling or decision of the registrar, the board may, in its discretion, order such ruling or decision "affirmed, modified or annulled." Unlike sections relating to four or fewer OUI convictions, G. L. c. 90, § 24(1)(c)(3 ¾), is silent on a new license for employment or education purposes, and no decision of the registrar on a hardship license was before the board. The board has no independent statutory power to issue a license. In any event, it is the decision on appeal which supersedes the decision of the registrar and "constitutes the final action of the administrative agency which alone is subject to judicial review." *Marshall* v. *Registrar of Motor Vehicles*, 324 Mass. 468, 469 (1949). See *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, *supra* at 584. For these reasons it was error for the judge to order a remand to the board for further consideration of issuing a hardship license.[6]

We also discern no basis for the board's order that the plaintiff

---

[6]Accordingly, we reject the plaintiff's assertion that the board's appeal from the order of remand was interlocutory. Because the judge's order would have required the board to act in excess of its authority, for the reasons just given, we deem the remand order final as to the board, and there is no barrier to its appeal. See *Kelly* v. *Civil Serv. Commn.*, 427 Mass. 75, 76 n.2 (1998) (an exception to the general rule that a court-ordered remand is not appealable "exists where an administrative agency appeals a remand order that is final as to the agency").

be allowed to file a new appeal on or after October, 2010. Any appeal or request for a hardship license would have to be addressed to the registrar, but the statute specifically requires that after a fifth conviction, such a person "shall not be granted a hearing before the registrar for the purpose of requesting the issuance of a new license on a limited basis on the grounds of hardship." G. L. c. 90, § 24(1)(*c*)(3 ³/₄). While we need not determine whether an appeal lies from the lifetime revocation of a license, there is no waiting period of years applicable. That portion of the board's order must be vacated.[7]

*Conclusion.* So much of the judgment as affirms the board's decision to revoke for the plaintiff's lifetime his right to operate a motor vehicle is affirmed. So much of the judgment as remands the matter to the board for further consideration of a hardship license is vacated. In addition, the judgment shall be modified to vacate so much of the board's decision as allows the plaintiff to reapply to the board on or after October, 2010.

*So ordered.*

---

[7]We note that what appears to be boilerplate language, to the effect that "[i]f the Board grants any relief in the form of a hardship license," might be misleading and should be eliminated in this case.