PAUL G. BRESTEN vs. BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS.

No. 09-P-1126.

Suffolk. December 16, 2009. - February 11, 2010.

Present: MILLS, KATZMANN, & FECTEAU, JJ.

*Board of Appeal on Motor Vehicle Liability Policies and Bonds. Interstate Compact on Motor Vehicle Convictions. Registrar of Motor Vehicles,* Revocation of license to operate. *Motor Vehicle,* License to operate. *Statute,* Construction. *Words,* "Of a statutorily similar nature."

The board of appeal on motor vehicle liability policies and bonds properly denied the plaintiff's request for reinstatement of his license, which had been revoked for one year by the registrar of motor vehicles, where the Colorado offense of driving while ability impaired, to which the plaintiff had pleaded guilty, is substantially similar to the Massachusetts offense of driving while intoxicated, in that, for a conviction, both States require clear proof that a motor vehicle operator's ability for clear judgment, physical control, or due care was affected even slightly by alcohol [265-269]; further, there was no merit to the plaintiff's contention that the Colorado and Massachusetts offenses are not substantially similar because of differences in the potential punishment prescribed for them, as well as differing license consequences [269-270], or because of differences in the evidentiary effect of blood alcohol concentration readings [270].

CIVIL ACTION commenced in the Superior Court Department on July 16, 2008.

A motion for judgment on the pleadings was heard by *Nancy S. Holtz,* J.

*John A. Baccari* for the plaintiff.

*Casey Groff,* Assistant Attorney General, for the defendant.

FECTEAU, J. The plaintiff appeals from a Superior Court judgment entered in favor of the defendant in connection with his complaint for judicial review under the provisions of G. L. c. 30A, § 14(7). His complaint challenged whether the Massachusetts Registrar of Motor Vehicles (registrar) properly suspended his Massachusetts driver's license due to an out-of-State

conviction that the registrar deemed as the equivalent of operating a motor vehicle while under the influence pursuant to the interstate compact on motor vehicle violations. G. L. c. 90, § 30B, inserted by St. 1988, c. 273, § 10.

The motion judge concluded that the decision of the board of appeal on motor vehicle liability policies and bonds (board) that affirmed the registrar's suspension of the plaintiff's license to operate a motor vehicle was proper because the plaintiff violated a Colorado motor vehicle law. In reaching this decision, the board also gave the plaintiff's guilty plea on the Colorado statute, Colo. Rev. Stat. § 42-4-1301(1)(b) (2004), the equivalent effect as a guilty plea on a charge of operating a motor vehicle under the influence of alcohol (OUI) in Massachusetts. G. L. c. 90, § 24(1)(*a*)(1), as amended by St. 1999, c. 127, § 108. We affirm.

*Background.* On April 16, 2007, the plaintiff, a Massachusetts licensed driver, pleaded guilty to the offense of "driving while ability impaired" (DWAI) in Colorado and, as penalty therefor, was ordered to pay a fine. Colo. Rev. Stat. § 42-4-1301(1)(b), (g) (2004).[1] A conviction pursuant to subsection (b) of the Colorado statute does not carry the penalty of the loss of driving rights in Colorado. This conviction, however, was reported to the Massachusetts registrar pursuant to the interstate compact on motor vehicle convictions. G. L. c. 90, § 30B II.[2]

---

[1]Colo. Rev. Stat. § 42-4-1301(1) (2004) states in pertinent part:

"(a) It is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to drive any vehicle in this state.

"(b) It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state.

" . . .

"(g) 'Driving while ability impaired' means driving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs, affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle."

[2]Both Colorado and Massachusetts are parties to this compact.

On March 18, 2008, acting pursuant to G. L. c. 90, § 22(c), as amended by St. 1990, c. 256, § 1, the registrar notified the plaintiff of her intention to revoke his driver's license for one year because of his Colorado conviction. She then sent a revocation notice, dated June 11, 2008, that the revocation was effective as of June 21, 2008. The plaintiff appealed to the board and requested that his license be reinstated or, alternatively, that he be given a hardship license.[3] He argued that the registrar erred when she considered the Colorado DWAI conviction as an OUI conviction for purposes of his Massachusetts license suspension, contesting her decision that the two statutes were substantially similar. The board granted him a hardship license but rejected his claim that the convictions were dissimilar, and concluded that the Colorado offense of DWAI was substantially similar to the Massachusetts offense of OUI because "both statutes address the same level of impairment in imposing liability."[4]

On July 16, 2008, the plaintiff filed a complaint for judicial review pursuant to G. L. c. 30A, § 14(7). The board filed the administrative record, and the plaintiff filed a motion for judgment on the pleadings contending that the registrar and the board committed an error of law by deciding that the conviction of DWAI in Colorado was substantially similar to a conviction of OUI in Massachusetts. The plaintiff's motion, brought under Mass.R.Civ.P. 12(c), 365 Mass. 756 (1974), was denied, judgment entered in favor of the board, and the plaintiff's complaint was dismissed.

*Discussion.* 1. *The interstate compact.* The plaintiff asserts that the interstate compact applies only if he is convicted of an offense that is comparable to a Massachusetts offense. He argues that the Colorado conviction of driving while alcohol impaired does not have a counterpart in the Massachusetts statutory scheme. Although we agree that the compact requires a substantially similar conviction, we disagree with his construction of the relevant offenses.

[3]The record reflects that as a condition to full reinstatement of his license, the plaintiff was required to attend a driver alcohol program. He was allowed to participate in such a program in Colorado.

[4]The plaintiff's license has since been fully reinstated. While the board earlier claimed that the plaintiff's appeal was moot, it has since waived this contention due to the surcharge that the plaintiff has been assessed as a result of his license suspension.

The interstate compact provides that the registrar must give the same effect to conduct reported as if "such conduct had occurred in the home state." G. L. c. 90, § 30B III(*a*). Thus, if a driver is convicted for "driving a motor vehicle while under the influence of intoxicating liquor . . . to a degree that renders the driver incapable of safely driving a motor vehicle," then the registrar must give the same effect to out-of-State motor vehicle convictions as if the offense had occurred in Massachusetts. G. L. c. 90, § 30B III (*a*)(2). Moreover, under § 30B III (*c*), "[i]f the laws of a party [S]tate do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this subsection, such party [S]tate shall construe the denominations and descriptions appearing in the subdivision (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature, and the laws of such party [S]tate shall contain such provisions as may be necessary to ensure that full force and effect is given to this subsection."

The notice of revocation to the plaintiff indicated that the revocation was due to the conviction for driving while intoxicated in Colorado. This conviction, if substantially similar to the Massachusetts offense, rendered the plaintiff subject to the statutory scheme of the interstate compact. We turn to the relevant statutes to determine whether the provisions are substantially similar.

2. *Statutory interpretation.* "The duty of statutory interpretation is for the courts . . . but an administrative agency's interpretation of a statute within its charge is accorded weight and deference. . . . Where the [agency's] statutory interpretation is reasonable . . . the court should not supplant [its] judgment." *Dowling* v. *Registrar of Motor Vehicles*, 425 Mass. 523, 525 (1997) (citations omitted), quoting from *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988) (holding that board's interpretation of G. L. c. 90, § 22[*c*], third par., requiring one-year license suspension, consistent with like suspension in New Hampshire, was reasonable, notwithstanding that suspension of license for equivalent motor vehicle offense in Massachusetts would require only ninety-day suspension).

a. *The Colorado statute.* The Colorado statute at issue here divides levels of impairment into subsections. Colo. Rev. Stat. § 42-4-1301. For instance, § 42-4-1301(1)(a) prohibits "any

person who is under the influence of alcohol . . . to drive any vehicle in this state." The statute defines this offense as "driving a vehicle when a person has consumed alcohol . . . [when the] alcohol alone . . . *affects the person to a degree that the person is substantially incapable*, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle." § 42-4-1301(1)(f) (emphasis added).[5]

To be convicted of DWAI the statute states that "[i]t is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state." § 42-4-1301(1)(b). The statute defines this conduct as "driving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs, or alcohol combined with one or more drugs, *affects the person to the slightest degree so that the person is less able* than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle." § 42-4-1301(1)(g) (emphasis added).

"Prior to the numerous amendments [that resulted in the statutory scheme], DUI [(or driving under the influence)] had been interpreted as an impairment to the 'slightest degree' by the consumption of alcoholic liquor." *Thompson* v. *Colorado*, 181 Colo. 194, 199 (1973) (decided on vagueness challenge prior to amendments to statute that added definitions). There, the Supreme Court of Colorado also stated: "[B]y amending the original DUI statute the legislative policy of this state has been to create a graduated scale of penalties arising from driving an automobile after the use of intoxicants." *Ibid.* The court went on to hold that, for the purposes of DWAI, "[a] person is under the influence of intoxicating liquor, as that phrase is used in the ordinance in question, when he has taken a drink of alcoholic liquor which affects him so that in the slightest degree he is less able, either mentally or physically or both, to exercise a clear judgment and with steady hands and nerves operate an automobile with safety

---

[5]The statute also sets out that if a person has a blood alcohol level of 0.08 or more, then "such fact gives rise to the permissible inference that the defendant was under the influence of alcohol." § 42-4-1301(6)(a)(III).

to himself and to the public, and when this mental and physical condition exists after imbibing intoxicating liquor, even though the person has had only one drink thereof, he is under the influence of intoxicating liquor." *Ibid.*, quoting from *Snyder* v. *Denver*, 123 Colo. 222, 226 (1951) (defining the offense of DUI under the 1943 statute).[6]

b. *The Massachusetts statute.* To prove the Massachusetts offense of OUI, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely. G. L. c. 90, § 24(1)(*a*)(1). That statute provides in pertinent part: "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, or marijuana, narcotic drugs, depressants or stimulant substances, all as defined in section one of chapter ninety-four C, or the vapors of glue shall be punished . . . ."

In a prosecution of a violation of this statute, the Commonwealth "must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's *ability* to operate a motor vehicle safely. The Commonwealth need not prove that the defendant *actually drove* in an unsafe or erratic manner, but it must prove a diminished *capacity* to operate safely." *Commonwealth* v. *Connolly*, 394 Mass. 169, 173 (1985) (emphasis original). In *Connolly*, the court held that the statute's "legislative purpose [is] to protect the public from drivers whose judgment, alertness, and ability to respond promptly and effectively to unexpected emergencies are diminished because of the consumption of alcohol." *Id.* at 172-173.

Therefore, we think that the Colorado offense of DWAI is substantially similar to the Massachusetts offense of OUI because, for a conviction, both statutes require proof that the motor vehicle

---

[6]*Thompson* was decided when the statute did not define DUI or DWAI. As the court explained, however, "[i]t is to be presumed that a legislature is cognizant of and adopts the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation." *Thompson, supra* at 200.

operator's ability for clear judgment, physical control, or due care is affected even slightly by alcohol.

3. *Other arguments.* We find no merit in the plaintiff's argument that the statutes are not substantially similar because of significant differences in the potential punishment prescribed and the differing license consequences. Specifically, the plaintiff contends that the statutes are not substantially similar because the relevant provisions of G. L. c. 90, § 22(*c*), require that the registrar revoke his license if she receives notice that his license was revoked or suspended in another jurisdiction. The registrar did not receive notice that his license was suspended or revoked in another jurisdiction, because the Colorado statute does not require a license suspension for violating its DWAI provision, so the registrar should not have suspended his license to operate.

The plaintiff's argument misconstrues the comparison that is required by use of the adjectival phrase "of a substantially similar nature." The phrase modifies the words "offenses or violations" of the statutes, i.e., the offenses as they are defined and not as they are punished. See *Dowling* v. *Registrar of Motor Vehicles,* 425 Mass. 523 (1997).

In *Dowling,* the Supreme Judicial Court recognized that inconsistencies between the States in connection with licensing consequences were not only possible, but expected. There, the registrar ordered a suspension of a Massachusetts driver's license for one year, in reciprocity for a one-year suspension in New Hampshire. Dowling argued that he would have received the imposition of a lesser suspension if the conduct had occurred in Massachusetts and, therefore, he should receive the lesser suspension.

The court held, however, that the registrar's decision was based upon a reasonable interpretation of G. L. c. 90, § 22(*c*), "that the rule of the first paragraph will govern when the suspension provided by Massachusetts law is longer than the suspension imposed by the sister State [the circumstances represented in the case at bar], and the rule of the third paragraph will govern when the suspension imposed by the sister State is longer than that provided by Massachusetts law [the circumstances represented in the *Dowling* case].[7] The registrar's construction

_____

[7]General Laws c. 90, § 22(*c*), first par., provides in pertinent part:

"If the registrar receives official notice . . . that a resident of the com-

of G. L. c. 90, § 22(c), is reasonable and reflects the history of the statute." *Dowling, supra* at 526.

We also find no merit in the plaintiff's argument that differences in evidentiary effect of blood alcohol concentration (BAC) breathalyzer readings should be further indication of the statutes' dissimilarity. Similar evidentiary value is allowed in both States for BAC readings below 0.05 (presumed in Colorado and inferred in Massachusetts, that the person is neither impaired nor under the influence), and both States permit an inference of being under the influence of alcohol and prohibit the operation of a motor vehicle with a BAC reading of 0.08 or more.[8] Finally, we recognize that in Colorado a reading between those two values permits an inference of impaired ability, whereas Massachusetts does not create any inference. In our view, this difference is not significant since both statutes allow for prosecution of the respective offenses at issue with a BAC reading of 0.05 or more.

Consequently, the judgment denying the plaintiff's motion for judgment on the pleadings and ordering the entry of judgment in favor of the board, as its decision was not based upon an error of law, was correct.

*Judgment affirmed.*

monwealth or any person licensed to operate a motor vehicle under the provisions of this chapter has been convicted in another state, country or jurisdiction of a motor vehicle violation, the registrar shall give the same effect to said conviction for the purposes of suspension, revocation, limitation or reinstatement of the right to operate a motor vehicle, as if said violation had occurred in the commonwealth."

General Laws c. 90, § 22(c), third par., provides in pertinent part:

"If the registrar receives official notice . . . , that a resident of the commonwealth, or any person licensed to operate a motor vehicle under the provisions of chapter ninety . . . has had a license or right to operate suspended or revoked in another state, country or jurisdiction, the registrar shall not issue a license to said person, and if a license has already been issued the registrar shall immediately revoke said license, without a prior hearing. However, if said license or right to operate is subsequently reinstated by such other state, country or jurisdiction, the person may apply to the registrar for reinstatement of said license in the commonwealth."

[8]Compare G. L. c. 90, § 24(1)(e), with Colo. Rev. Stat. § 42-4-1301(6)(a)(I)-(III).