Kenton-Walker, Janet, J.
The plaintiff, Edward Auger, seeks judicial review of a decision by the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”), which upheld a decision by the Registrar of Motor Vehicles (“the Registrar”) that revoked the plaintiffs license to operate a motor vehicle in Massachusetts for eight years. [1] The plaintiff argues that the Registrar’s decision was not supported by substantial evidence, unwarranted by the facts, arbitraiy and capricious, an abuse of discretion, or otherwise not in accordance with the law. He requests that the court set aside the decision and order that his license may only be suspended for forty-five days. The matter is now before the court on the plaintiffs Motion for Judgment on the Pleadings.[2] For the following reasons, the plaintiffs motion is DENIED and the Board’s decision is AFFIRMED.
BACKGROUND
A review of the complaint, the motion papers, and the administrative record reveals the following facts. On September 11, 1984, the plaintiff was convicted of operating a motor vehicle while under the influence of an intoxicating liquor (“OUI”). On November 30, 1988, he received a second OUI conviction. On May 3, 2010, he received a third OUI conviction. On May 4, 2010, the Registrar notified the plaintiff that, effective May 3, 2010, his license was revoked and suspended for a period of eight years. The plaintiff appealed this decision to the Board, which granted him a hearing on July 9, 2010.
At the hearing, the plaintiff testified that he was fifty-two years old, resided in Worcester, and lived with his girlfriend. He further testified that he had not worked for eight years, supported himself through Social Security Disability Insurance, and was able to meet his routine transportation needs with the help of public transportation. The Board inquired into the plaintiffs alleged hardship. The plaintiff responded that he had multiple health issues and sought a license so that he could drive himself and his girlfriend to medical appointments. The Board also inquired as to the plaintiffs last use of alcohol. The plaintiff responded that he had consumed alcohol as recently as a week before the hearing, and he did not provide the Board with any proof of enrollment in an alcohol program or counseling.
The Board determined that plaintiff had failed to meet the burden necessary to modify the suspension, as he had only served three months of the suspension, was not working or seeking employment opportunities, and did not provide documentation showing enrollment in an alcohol program. It further determined that the plaintiff did not qualify for hardship consideration since the plaintiff acknowledged he could use public transportation to get to medical appointments and did not provide documentation of a health issue that would make him eligible for a hardship license. The Board therefore affirmed the Registrar’s decision on September 8, 2010. The plaintiff timely appealed the Board’s decision pursuant to G.L.c. 30A, §14.
DISCUSSION
Pursuant to G.L.c. 30A, §14(7), a court may set aside or modify an agency’s decision if it determines that “the substantial rights of any party may have been prejudiced” because the decision (a) is in violation of constitutional provisions, (b) is in excess of the agency’s statutory authority or jurisdiction, (c) is based upon an error of law, (d) is made upon unlawful procedure, (e) is unsupported by substantial evidence, (f) is unwarranted by the facts on the record, or (g) is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. In reviewing an agency’s decision, the court must “give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authorily conferred upon it” by statute. G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). Judicial review of an agency’s decision is confined to the administrative record, and a court may not substitute its judgment on questions of fact for that of the agency. G.L.c. 30A, §14(5); Southern Worcester County Reg'l Vocational Sch. Dist. v. Labor Relations Comm’n., 386 Mass. 414, 420-21 (1982). As the party appealing an agency’s decision, the plaintiff has the burden of demonstrating its invalidity. Merisme v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989).
General Laws c. 90, §24, and its neighboring sections govern the licensing consequences of operating a motor vehicle while under the influence of an intoxicating liquor. With certain exceptions, G.L.c. 90, §24(l)(b), requires the Registrar to revoke the driver’s *199 license of any person who has an OUI conviction in violation of G.L.c. 90, §24(l)(a)(l). This subsection does not itself specify how long a license will be revoked. Instead, G.L.c. 90, §24(1) (c), sets forth certain time periods during which the Registrar is prohibited from restoring a person’s license. See Breslin v. Board of Appeal on Motor Vehicle Liab. Policies and Bonds, 70 Mass.App.Ct. 131, 134 (2007). These time periods are determined by the number of previous convictions a person has for an OUI or a “like offense.” G.L.c. 90, §24(l)(c). In the present case, the plaintiffs most recent OUI conviction was his third such offense. The applicable subsection, G.L.c. 90, §24(l)(c)(3), provides that the Registrar is prohibited from restoring a third-time offender’s license “until eight years after the date of conviction.”
In his motion, the plaintiff contends that his most recent OUI conviction, for which he alleges to have received a forty-five-day loss of license punishment, should be the “final decision” since both of his previous OUI convictions occurred more than twenty years ago.[3] Based on the allegation in his complaint that the Registrar notified him that it was treating his May 3, 2010 OUI conviction as a third offense, coupled with his request that the court order that his license may only be suspended for forty-five days, the court interprets this contention as one referring to G.L.c. 90, §24D. This section sets forth an exception to the mandatory license revocation procedures outlined in G.L.c. 90, §24. Specifically, it provides that any person convicted of operating a motor vehicle under the influence of an intoxicating liquor may be placed on probation, assigned to an alcohol education program, and have his license suspended for a period between forty-five and ninety days. This section applies to first-time offenders as well as offenders with a single prior conviction or assignment to an alcohol education or treatment program for a similar offense that occurred ten or more years earlier, once in their lifetime. See G.L.c. 90, §24D; Commonwealth v. Cahill, 424 Mass. 127, 131 (2004).
In the present case, the plaintiff did not have a single prior conviction of operating a motor vehicle while under the influence of an intoxicating liquor more than ten years before receiving his most recent conviction. Instead, he had two OUI convictions, first on September 11, 1984 and then on November 30, 1988, before receiving his third OUI conviction on May 3, 2010. Accordingly, the Board did not err in applying G.L.c. 90, §24, as opposed to G.L.c. 90, §24D, when it affirmed the Registrar’s decision to suspend the plaintiffs license for eight years, effective May 3, 2010.[4] The plaintiffs motion will therefore be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiff Edward Auger’s Motion for Judgment on the Pleadings be and is DENIED, and that the decision by Board of Appeal on Motor Vehicle Liability Policies and Bonds be and is AFFIRMED.

The plaintiff erred not naming the Board as a defendant, as it is the Board’s decision that the plaintiff is actually appealing. Nonetheless, the court will treat the plaintiffs complaint as one also brought against the Board, which filed a memorandum in opposition to the plaintiffs Motion for Judgment on the Pleadings, and which noted this error in its submission.

The plaintiff filed his complaint on August 5, 2010. On or about December 14, 2010, the plaintiff sent an undated letter to the Massachusetts Attorney General’s office that referred to and disputed the Board’s decision. The court treats this letter as the plaintiffs Motion for Judgment on the Pleadings, as did the Board when it filed its memorandum in opposition.

The full sentence reads, “I feel that the decision by the court in Clinton-Leominster should be [the] final decision because all the problems on my record are 20 y[ea]rs or older],] mostly older.”

Although the Board also ruled that the plaintiff did not qualify for hardship consideration, there was no evidence in the record that a hardship license decision by the Registrar was before the Board. Applications for a hardship license are to be filed with the Registrar, and the applicant “shall be granted a hearing before the registrar.” G.L.c. 90, §24(l)(c). As with other licensing decisions, a person denied a hardship license can appeal that decision to the Board. G.L.c. 90, §28. However, “]t]he board has no independent statutory power to issue a license.” Breslin, 70 Mass.App.Ct. at 135.