Mooney v. Vt. Dep't of Motor Vehicles, No. 104-3-12 Bncv (Carroll, J., Oct. 4, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 104-3-12 Bncv** |

| | |
|---|---|
| **Paul Mooney**<br> **Plaintiff**<br><br>**v.**<br><br>**Vermont Department of Motor Vehicles**<br> **Defendant** | |

### DECISION ON APPEAL FROM VT AGENCY OF TRANSPORTATION

### Factual Background

This case is an appeal from a hearing by the Agency of Transportation. The Vermont Department of Motor Vehicles (DMV) refused to renew Plaintiff Paul Mooney's Vermont drivers license because Massachusetts suspended Plaintiff's nonresident operating privileges until 2022 for refusing to take a chemical test. Plaintiff appealed DMV's action to the Agency of Transportation. A hearing officer heard Plaintiff's appeal and affirmed DMV's action. Plaintiff appealed the hearing officer's decision under V.R.C.P. 74.

### Standard of Review

In administrative appeals under V.R.C.P. 74, the Court evaluates whether the agency had a reasonable basis for its findings. *In re Soon Kwon*, 2011 VT 26, ¶ 6, 189 Vt. 598. The Court defers to the hearing officer because the hearing officer has special expertise in these types of cases. See *id*. ¶¶ 6–7. The Court evaluates statutes by reading the plain meaning of the statute and then deferring to the hearing officer's interpretation to resolve ambiguities. See *id*. ¶ 9. The Court reads sections of a "statute together as a harmonious whole." *Id*. ¶ 17

**Discussion**

The issue in this case is whether the hearing officer correctly refused to reissue Plaintiff's license under 23 V.S.A. § 603(c). Plaintiff argues the hearing officer should have applied 23 V.S.A. § 3905 instead. Section 603(c) of Title 23 indicates a "An operator license, junior operator license, or learner permit shall not be issued to an applicant whose license or learner permit is suspended, revoked or canceled in any jurisdiction." Under section 603(c), Plaintiff would not be able to be reinstated until Massachusetts lifts its suspension in 2022. On the other hand, section 3905(a)(2) indicates Vermont should give a Massachusetts conviction[1] for refusal to provide a chemical sample the same effect as if the event happened in Vermont. Plaintiff contends application of section 3905(a)(2) means that DMV should only suspend Plaintiff's license for eighteen months.

Plaintiff argues that section 603(c) does not apply to his case because Massachusetts suspended his nonresident operating privileges and not his license. Plaintiff notes Vermont does not define license in Title 23 in a way that incorporates another state's suspension of a driver's nonresident operating privileges. See 23 V.S.A. 4(48).[2] Plaintiff cites several examples where the legislature included both license and nonresident operating privileges when it intended to include both. See, e.g., 23 V.S.A. §§ 109(b) (directing DMV to prepare a monthly list of all drivers who have had either their operator's license or their nonresident operating privileges revoked), 672(a) (authorizing DMV to suspend or revoke the operating privileges of nonresidents on the same terms as those of residents), 802(a) (authorizing DMV to suspend operating privileges of residents and nonresidents on the same basis).

---

[1] "'Conviction' means a conviction of any offense related to the use or operation of a motor that is prohibited by state law…" 23 V.S.A. § 3903.

[2] License to operate a motor vehicle includes a "nonresident's operating privilege." 23 V.S.A. § 4(48)(C). However, the definition only applies to a license issued "by the laws of this state. *Id*. §4(48).

Plaintiff further argues that 23 V.S.A. § 3905 should apply and DMV should suspend Plaintiff's license until October 1, 2013. Sections 3901 to 3910 of Title 23 implement the Driver License Compact (Compact). The Compact establishes procedures for standardizing how states handle other states' driving laws. 23 V.S.A. § 3902. Plaintiff correctly notes both Vermont and Massachusetts enacted the Compact. Mass. Gen. Laws ch. 90, § 30B (2012); 23 V.S.A. §§ 3901–10. According to Plaintiff's argument, the Court should apply 23 V.S.A. § 1208 through 23 V.S.A. § 3905 and issue Plaintiff a suspension for eighteen months.

Conversely, DMV argues section 603(c) means it cannot renew Plaintiff's license until Massachusetts ends its suspension of Plaintiff's nonresident driver's privileges. DMV forces applicants to surrender their out-of-state licenses when Vermont issues a license. DMV reasons it is impossible for someone to have a Vermont license and a suspended license in another jurisdiction. Therefore, section 603(c) must apply to both licenses and nonresident operating privileges. Finally, DMV argues section 3905 does not apply because the American Association of Motor Vehicle Administrators[3] does not list Massachusetts as member of the Compact.

The Court finds that the hearing officer should have applied section 3905 rather than section 603(c). Although the meaning of "license" within section 603(c) is ambiguous, the Court must determine its meaning within the context of the entire statute. *In re Soon Kwon*, 2011 VT 26, ¶ 17.The Court does not defer to an agency's interpretation of a statute if the statute is clear in context. See *id*. ¶¶ 9, 17. The legislature's use of only the term "license" in section 603(c) and its use of both "license" and "nonresident operating privileges" in other sections indicates the terms have different meanings.

---

[3] The American Association of Motor Vehicle Administrators is a non-profit organization that monitors interstate laws. *About AAMVA*, American Association of Motor Vehicle Administrators, http://www.aamva.org/about-aamva/ (last visited Oct. 3, 2012).

Additionally, the Court must read sections 603 and 3905 together and give meaning to both sections. See *id*. ¶ 17. The Compact aims to standardize treatment of motorists regardless of where they commit violations. The Massachusetts General Laws and the Massachusetts judiciary indicate Massachusetts is a member of the Compact. Mass. Gen. Laws ch. 90, § 30B (2012); *Bresten v. Bd. of Appeal on Motor Vehicle Policies & Bonds*, 921 N.E.2d 134, 135 n.2 (Mass. App. Ct. 2010). The Court finds DMV's claim that Massachusetts is not a member of the Compact unpersuasive. Accordingly, DMV should have applied section 3905.

Section 3905(a)(2) requires DMV to treat Plaintiff's refusal to take a chemical test in Massachusetts as though the event had happened in Vermont. The hearing officer should evaluate whether to treat Plaintiff's suspension as a second or third offense and suspend Plaintiff's license for the duration required by statute.[4]

## Order

The Agency of Transportation's decision is reversed and remanded for further proceedings consistent with this order.

Dated at Bennington, Vermont on October 4, 2012

_____

Karen R. Carroll
Superior Court Judge

---

[4] Under both 23 V.S.A. § 1205(m) and 23 V.S.A. § 1208(a), Plaintiff would receive an eighteen month suspension for a second offense. DMV must suspend Plaintiff's license for life if it finds the suspension here was a third offense. 23 V.S.A. §§ 1205(m), 1208(b). Plaintiff argues, and the hearing officer appeared to accept, the suspension is Plaintiff's second offense. However, Plaintiff's Exhibit 2 appears to indicate Plaintiff received a DWI conviction in Vermont and two alcohol related suspensions in Massachusetts.