The plaintiff, Andrew Dalton, appeals from a Superior Court judgment affirming a one-year loss of license that was imposed on a July 9, 2015, conviction of operating under the influence of liquor (OUI), G. L. c. 90, 24(1)(a )(1). On appeal, Dalton contends that the revocation was in violation of G. L. c. 90, § 24D, and implicated several constitutional rights, including being in violation of due process, double jeopardy, and the separation of powers clause. We affirm.
Background. On January 26, 2015, Westwood police arrested Dalton for OUI. This was his first OUI arrest and, thus, it qualified for a G. L. c. 90, § 24D, alternative disposition. On January 30, 2015, in Dedham District Court, Dalton admitted to sufficient facts and, pursuant § 24D, the judge continued the matter without a finding for one year, imposed the statutory fees and fines, subjected Dalton to a forty-five day loss of license (rather than the one-year loss of license otherwise required under the statute), and ordered Dalton to complete a qualifying alcohol education program.
Several months later, on June 23, 2015, while Dalton was still on probation for his first OUI, State police arrested Dalton for a second OUI. As a result of this new arrest, a violation of probation hearing was held in the Dedham District Court on July 9, 2015. At the conclusion of that hearing, the judge found Dalton in violation of his § 24D disposition and revoked Dalton's probation; a guilty finding entered on Dalton's January 26 OUI.
Upon notice of the conviction, the registry of motor vehicles (RMV) revoked Dalton's license to operate a motor vehicle for one year. Initially, the RMV made the revocation effective from July 20, 2015. However, on its own initiative, the RMV revised the effective date of this revocation to July 9, 2015-the date a conviction had entered on the January 26 OUI offense.
Dalton appealed this revocation to the board of appeals (board), which affirmed the revocation.[3] Dalton then sought judicial review of the board's decision in the Superior Court. There, the board's motion for judgment on the pleadings was allowed and, thus, the one-year revocation of Dalton's license remained in place. This appeal followed.
Discussion. All issues presented are issues of law, which we review de novo. Callahan v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 90 Mass. App. Ct. 196, 199 (2016).
1. Statutory challenge. Dalton contends that G. L. c. 90 does not allow the RMV to revoke his license. We are not persuaded.
General Laws c. 90, § 24(1)(b ), as appearing in St. 1982, c. 373, § 3, provides that an offender's first OUI conviction "shall" result in a license revocation unless the offender qualifies for and consents to probation under G. L. c. 90, § 24D. "[W]here an order of [ § 24D ] probation has been revoked by the court, ... the registrar shall forthwith revoke said person's operator's license or right to operate which was restored ... without further hearing." G. L. c. 90, § 24E, as amended by St. 1982, c. 373, § 7. Revocations for first-time OUI offenders under § 24(1)(b ) last "until one year after the date of conviction." G. L. c. 90, § 24(1)(c )(1), as appearing in St. 1994, c. 25, § 4.
Here, the RMV faithfully followed this statutory scheme. Dalton avoided the one-year loss of license on his first OUI arrest by entering into a § 24D disposition, which included a one-year probation conditioned on several factors. Dalton properly does not dispute that his subsequent arrest while on probation constituted a violation of his probation. Nor is there any dispute that the judge revoked his probation and entered a guilty finding.
Accordingly, pursuant to § 24E, Dalton lost the benefit of his § 24D disposition once a conviction entered on the January 26 offense. As such, the RMV properly imposed the statutorily required one-year loss of license for first-time offenders. Recognizing the error in its first notice of revocation, the RMV also properly revised the date of revocation to commence on July 9, 2015-the date of conviction. See DiGregorio v. Registrar of Motor Vehicles, 78 Mass. App. Ct. 775, 783 (2011) (license revocation must run from date of conviction). We perceive no error.
2. Constitutional challenges. Dalton also raises several constitutional challenges to the one-year revocation, which we also conclude lack merit. First, we do not agree that the revocation of his right to drive implicated Dalton's right against double jeopardy, as the revocation's main purpose is public safety and not punishment. Luk v. Commonwealth, 421 Mass. 415, 426-427 (1995). Second, the RMV, which was statutorily mandated to impose a one-year loss of license absent successful completion of the § 24D disposition, did not overstep its bounds or interfere with the power of the judiciary when it revoked Dalton's right to operate for one year. See Breslin v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 70 Mass. App. Ct. 131, 134 (2007) (when revoking a license, the RMV can do no "more than make a simple numerical count of the convictions on record"). Finally, Dalton waived his due process argument by only raising it in a footnote in his brief. See Mole v. University of Mass., 442 Mass. 582, 603 n.18 (2004) (court need not consider an argument raised only in a footnote of a brief). And, in any event, Dalton was afforded a full hearing and the opportunity to contest the probation violation that statutorily triggered the license revocation. We discern no error.[4]
Judgment affirmed.

The plaintiff also appealed a second license revocation stemming from his June 23 OUI, but does not challenge that revocation in this court.

As to the plaintiff's claim for declaratory relief, such relief is inappropriate here. See Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 135 (2013) ("[D]eclaratory relief is not an appropriate remedy where the validity of an adjudication ... in an individual case is being challenged" [quotation omitted] ).