The Registrar of Motor Vehicles (registrar) revoked the plaintiff's class D driver's license for life after he was convicted in New Hampshire of operating under the influence of intoxicating liquor (OUI).[2] This was the seventh time the plaintiff was convicted of OUI or assigned to an alcohol program. After a hearing the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) upheld the lifetime revocation, and a Superior Court judge affirmed the board's decision on judicial review under G. L. c. 30A.
While the plaintiff's appeal to this court was pending, the board reconsidered the revocation of the plaintiff's class D driver's license and, after a second hearing, issued a modified decision ordering the registrar to issue him a hardship license. The hardship license is restricted to 6 A.M. to 6 P.M. and requires installation of an ignition interlock device for the plaintiff's lifetime. Given the board's modified decision, we ordered the plaintiff to submit a status report addressing whether he intended to proceed with his appeal. The plaintiff's response states that he is pursuing the appeal to have his license reinstated free of the restriction that he install an ignition interlock device.[3] The plaintiff would be entitled to such relief were he able to succeed in his challenge to the board's decision to uphold the lifetime revocation. Thus, contrary to the board's contention, the appeal is not moot, and we proceed to the merits.
Judicial review of the board's decision is governed by the established standards of G. L. c. 30A, § 14. See Burke v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 90 Mass. App. Ct. 203, 205 (2016). The plaintiff has failed to show that the board's decision is invalid under those standards. The registrar is required by statute to revoke for life the license of a person who has been convicted of OUI and who has "four or more" previous OUI convictions or assignments to an alcohol or substance abuse program. G. L. c. 90, § 24 (1) (c ) (3 3/4). As the board found, and the plaintiff does not dispute, his conviction in New Hampshire was the seventh time he was convicted of OUI or assigned to an alcohol program. The statute thus mandated the lifetime revocation of his license. See Breslin v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 70 Mass. App. Ct. 131, 134 (2007) ("There is nothing in the statute indicating that the registrar is to do anything more than make a simple numerical count of the convictions on record").
Nonetheless, the plaintiff argues that the board's decision should be overturned because it punishes him twice for the same crimes in violation of double jeopardy principles. It is settled, however, that the "purpose [of license revocation] is to protect the public from future harm by depriving the unsafe or irresponsible driver of his or her authority to continue to operate a motor vehicle. Because its main purpose is public safety rather than punishment, revocation of a driver's license is properly characterized as nonpunitive." Luk v. Commonwealth, 421 Mass. 415, 426-427 (1995). Thus, as the revocation of the plaintiff's license is remedial, not punitive, it does not implicate double jeopardy principles. See Gordon v. Registry of Motor Vehicles, 75 Mass. App. Ct. 47, 53 (2009).
We construe the plaintiff's brief to also be arguing that the board's decision is unlawful because it applies the statute to him retroactively. But to the contrary, "[t]he application was contemporaneous, triggered by [the plaintiff's] request for reinstatement of his right to operate." Burke, 90 Mass. App. Ct. at 209. The plaintiff requested reinstatement of his license in 2016, and "the registrar was obligated to apply the statute as it was in effect at the time." Id. To the extent the plaintiff contends that the board's application of the statute raises ex post facto concerns, his argument fails because "civil remedies are not subject to the prohibition against ex post facto laws." Gordon, 75 Mass. App. Ct. at 50. See Burke, 90 Mass. App. Ct. at 209.
Judgment entered May 4, 2017, affirmed.

The registrar also revoked the plaintiff's commercial driver's license for life.

The plaintiff also suggests in his reply brief that he is seeking reinstatement of his commercial driver's license. We agree with the board, however, that the plaintiff waived that claim by failing to raise it before the board or the Superior Court. In his notice of appeal to the board, the plaintiff did not indicate that he was challenging the revocation of his commercial driver's license. Moreover, neither the board nor the Superior Court judge addressed the issue. We note in any event that G. L. c. 90F, § 9 (B), requires that a person "be disqualified for life" from operating a commercial motor vehicle if he has been "convicted of [two] or more" OUI offenses.