THOMAS SCHEFFLER *vs.* BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS. No. 12-P-1616. September 16, 2013. *Board of Appeal on Motor Vehicle Liability Policies and Bonds. Registrar of Motor Vehicles. Motor Vehicle,* Board of Appeal on Motor Vehicle Liability Policies and Bonds, Operating under the influence.

The plaintiff, Thomas Scheffler, appeals from a decision by a judge of the Superior Court allowing the motion of the defendant, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board), for judgment on the pleadings. The board's decision affirmed the Registrar of Motor Vehicles' (registrar) determination that the plaintiff's assignment, in Connecticut, to a pretrial alcohol education program following his arrest in that State on what amounts to operating under the influence of intoxicating liquor (OUI) was a "like offense" within the meaning of G. L. c. 90, § 24, and that the Connecticut offense should be added to the plaintiff's driving history.[1]

1. *Background.* On April 24, 2009, the plaintiff was arrested and charged with operating under the influence of liquor, in violation of Conn. Gen. Stat. § 14-227a (2013).[2] Following the plaintiff's successful completion of a pretrial alcohol education diversion program, see Conn. Gen. Stat. § 54-56g (2013),[3] the Connecticut charge was dismissed. However, Connecticut suspended the plaintiff's license for six months as a result of his refusal to comply with a breathalyzer test.

On June 18, 2009, the plaintiff received notification from the registrar that his license would be suspended, beginning July 18, 2009, for one year based on the Connecticut OUI charge. Later, the registrar learned that the plaintiff's license was suspended in Connecticut for the breathalyzer refusal and not OUI. However, the plaintiff's Massachusetts driving record reflects the Connecticut incident for both the breathalyzer refusal and the OUI dismissal, as well as his successful completion of the alcohol education program. The plaintiff appealed to the board, and on December 28, 2010, the board upheld the registrar's decision to add the Connecticut incident to the plaintiff's driving history.[4] A Superior Court judge affirmed the board's decision, concluding that the registrar's actions were proper.

2. *Discussion.* Our review does not "extend to examining the weight of the evidence to determine whether the Superior Court's decision — either upon its own findings of fact or those of the board adopted by the Superior Court — was justified, unless there is absolutely 'no basis in fact' to support that decision." *Nercessian* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 46 Mass. App. Ct. 766, 775 (1999). See G. L. c. 30A, § 14.

---

[1]As a consequence of the receipt of the report from Connecticut, the registrar added the information to Scheffler's driving record and, based on the addition of this information, suspended his license. See G. L. c. 90, §§ 24, 30B.

[2]A person violates Conn. Gen. Stat. § 14-227a "if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content."

[3]In addition to various penalties and license suspension that may accompany a § 14-227a violation, Connecticut allows the offender's license to be suspended for a period and the offender may be assigned to participate "in an alcohol education and treatment program," and after successful completion of the program, the charges are dismissed.

[4]The board noted that there did not appear to be an appellate-level decision addressing this point.

a. *Conviction.* The crux of the plaintiff's argument rests on whether the Connecticut incident could be viewed as a conviction pursuant to G. L. c. 90, § 30B, the interstate registry compact, or "like offense" pursuant to G. L. c. 90, § 24.

The reciprocity provision of G. L. c. 90, § 30B, requires other States to notify the driver's home States of motor vehicle convictions. The plaintiff asserts that because he was not convicted, Connecticut should have not reported the incident. However, the plaintiff failed to raise this issue at the board or in the Superior Court proceedings, and thus, the issue is deemed waived. See *Palmer* v. *Murphy,* 42 Mass. App. Ct. 334, 338 (1997) ("Objections, issues, or claims — however meritorious — that have not been raised at the trial level are deemed generally to have been waived on appeal").[5]

b. *Like offense.* The plaintiff also argues that the board and the Superior Court judge misapplied G. L. c. 90, § 24, and improperly characterized the Connecticut incident as a "like offense." This proposition is incorrect.

Both Conn. Gen. Stat. § 14-227a, and our G. L. c. 90, § 24, address operators who have driven a motor vehicle under the influence of intoxicating liquor. Here, the board concluded that the completion of a pretrial alcohol education program as a prerequisite for the dismissal of the charges and the suspension of the plaintiff's license amounted to a "like offense" as proscribed by G. L. c. 90, § 24. See and compare *Bresten* v. *Board of Appeal on Motor Vehicle Liab., Policies & Bonds,* 76 Mass. App. Ct. 263, 268-269 (2010). See also G. L. c. 90, § 24(1)(c)(2) (governing circumstances where an individual "has been previously convicted of or assigned to an alcohol . . . education, treatment or rehabilitation program by a court of the Commonwealth or any other jurisdiction because of a like violation").

Courts must follow unambiguous statutory language "unless 'following the Legislature's literal command would lead to an absurd result, or one contrary to the Legislature's manifest intention.' " *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.,* 453 Mass. 135, 142 (2009), quoting from *White* v. *Boston,* 428 Mass. 250, 253 (1998). See *Protective Life Ins. Co.* v. *Sullivan,* 425 Mass. 615, 618 (1997) ("In general, we grant substantial deference to an interpretation of a statute by the administrative agency charged with its administration").

A plain reading of G. L. c. 90, § 24, demonstrates that a guilty conviction is not the only outcome that is labeled a "like offense"; rather, the statute contains a variety of dispositions, including a continuance without a finding. The board appropriately determined that the alternative pretrial disposition of completing the alcohol education program, pursuant to Conn. Gen. Stat. 54-56g, was "substantially similar to the continued without a finding disposition offered under [G. L. c. 90, § 24]," even though the Connecticut proceeding involved a pretrial diversion program without a finding of guilt or admission to sufficient facts.

In Massachusetts, one of the purposes underlying the disposition of a continuance without a finding is to allow a deserving defendant to "avoid[] the consequences of having a criminal conviction." *Commonwealth* v. *Pyles,*

---

[5]In addition, the record reflects that the registrar learned of the Connecticut incident by the plaintiff's own admission and the National Driver Registry, an independent and privately owned database the Commonwealth uses to update records.

423 Mass. 717, 722 n.7 (1996), quoting from *Commonwealth* v. *Duquette*, 386 Mass. 834, 843 (1982). The plaintiff, "as appellant, has the burden of proof 'to demonstrate the invalidity of the administrative determination.' " *Forman* v. *Director of the Office of Medicaid*, 79 Mass. App. Ct. 218, 221 (2011), quoting from *Andrews* v. *Division of Med. Assistance*, 68 Mass. App. Ct. 228, 231 (2007). We think the board correctly determined that the Connecticut incident was a like offense for the purposes of G. L. c. 90, § 24, and the diversion program there was similar to a continuance without a finding. The plaintiff fails to show why Massachusetts should expunge the incident from his driving record.

Furthermore, G. L. c. 90, § 22(*c*), allows the registrar to take notice and treat any conviction "for the purposes of suspension" as if the violation occurred in Massachusetts. Connecticut suspended the plaintiff's license for his refusal to take the breathalyzer test. There is nothing to preclude Massachusetts from doing the same.

*Judgment affirmed.*

*Dana Alan Curhan* for the plaintiff.

*Loretta M. Lillios*, Assistant Attorney General, for the defendant.