NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-634

ROBERT S. LEO

vs.

PETER BROCK & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, a former New England Patriots player, filed this pro se appeal from an order dismissing his complaint pursuant to Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974), and from the denial of a motion for reconsideration.  The plaintiff brought the complaint alleging intentional or negligent infliction of emotional distress, elder abuse, and defamation after the New England Patriots Alumni Club (NEPAC) revoked his membership and banned him from future membership.[2]

---

[1] Kraft Sports and Entertainment LLC; New England Patriots Alumni Club, Inc.; New England Patriots LLC; and Julie Redwine.

[2] The defendants argue that the plaintiff resigned from the club and that he was not banned.  However,  we accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the plaintiff's favor.  See

On March 24, 2023, after a hearing, a judge of the Superior Court granted the defendants' joint motion to dismiss the complaint and on April 4, 2023, denied the plaintiff's motion for reconsideration.  Plaintiff argues that the dismissal of claims against defendants Peter Brock, Julie Redwine, and NEPAC for insufficient service of process was error because service was improperly rejected by the respective defendants.  He also argues that the dismissal of claims against the other defendants was error because a lifetime ban from membership in NEPAC and being prevented from attending Patriots and NEPAC events amounts to either negligent or intentional infliction of emotional distress.  Because we agree that there was insufficient service of process against some defendants, and because the complaint fails to state a claim upon which relief can be granted, we affirm.

Discussion.  1.  Standard of review.  "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is

_____

Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

2

entitled to relief." Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

2. Service of process. A complaint can be dismissed pursuant to Mass. R. Civ. P. 12 (b) (5) for insufficient service of process. The sufficiency of process is governed by Mass. R. Civ. P. 4, as amended, 402 Mass. 1401 (1988). For individual defendants, service can be made by personal delivery, by leaving copies at their last and usual place of abode, or by making delivery to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. See Mass. R. Civ. P. 4 (d) (1), as amended, 370 Mass. 918 (1976). For a domestic corporation, service can be made

> "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given."

Mass. R. Civ. P. 4 (d) (2). In either instance, this service is required to be made within ninety days of filing the complaint. Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988).

Here, on two separate occasions, the plaintiff attempted to serve Peter Brock, Julie Redwine, and NEPAC. First, he attempted to serve them at Two Patriot Place, Foxborough,

3

Massachusetts, which was not the correct address.[3]  The Norfolk County Sheriff's Office returned the service to the defendant because the service address was incorrect, rendering the service insufficient.  The plaintiff then attempted to serve the defendants at the correct address through registered agents for Kraft Sports and Entertainment LLC and New England Patriots LLC.  At the hearing in the Superior Court, the plaintiff conceded that his service was ineffective, but he now argues otherwise on appeal.  The plaintiff now claims that his service was not defective because it was addressed to the defendants' usual place of business.  This argument, which was not raised below, is deemed waived.  See Scheffler v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 84 Mass. App. Ct. 904, 905 (2013).

Even if it were not waived, as a matter of law, the plaintiff's two attempts at service both fail.  The first attempt at service was ineffective because the plaintiff did not use the correct address.  The second attempt to serve Peter Brock and Julie Redwine fails because service was not attempted to the defendants personally, there was no evidence that this address was either of these defendants' last and usual place of

---

[3] The correct address for these three defendants was One Patriot Place, Foxborough, Massachusetts.

abode, and there was no evidence that anyone at One Patriot Place, Foxborough, Massachusetts was authorized to accept service on their behalf. Mass. R. Civ. P. 4 (d) (1). See Foley v. Walsh, 33 Mass. App. Ct. 937, 937 (1992). As to NEPAC, which is a domestic corporation, the second attempted service also fails because there is no evidence that service was ever made to a "managing or general agent, or to the person in charge of the business at the principal place of business," see Mass. R. Civ. P. 4 (d) (2), but rather only to registered agents for Kraft Sports and Entertainment LLC and New England Patriots LLC. This is not sufficient, and dismissal was appropriate as to these three defendants.

3. Failure to state a claim. Next, the plaintiff appeals the dismissal of his claim of intentional or negligent infliction of emotional distress for failing to state a claim for which relief can be granted. In his complaint, the plaintiff seems to make two separate claims; one for the tort of intentional infliction of emotional distress and one for negligent infliction of emotional distress.[4] See Lamoureux v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 409, 410 n.4 (1983) (pro se filings interpreted liberally, but

_____

[4] The plaintiff's filings at the trial level and here on appeal also describe his claims as intentional and negligent infliction of emotional distress.

5

court will not advance legal theories that plaintiff neglected to present). In concluding that dismissal was warranted, the judge determined that the plaintiff failed to allege sufficient facts to support recovery under either intentional or negligent infliction of emotional distress. Again, we review the grant of a motion to dismiss de novo, "accepting as true all well-pleaded facts alleged in the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier, 490 Mass. at 43.

To recover for negligent infliction of emotional distress, a plaintiff must prove "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." Lanier, 490 Mass. at 44. On the other hand, "[t]o sustain a claim of intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." Sena v. Commonwealth, 417 Mass. 250, 263-264 (1994).

6

The complaint alleged that the defendants' actions caused the plaintiff to suffer three harms: the harm associated with no longer being a member of NEPAC, the harm of being prevented from attending certain alumni events, and reputational harm. The facts alleged by the plaintiff do not establish that the plaintiff suffered the degree of harm or distress required to support a claim of negligent infliction of emotional distress. See Rodriguez v. Cambridge Hous. Auth., 443 Mass. 697, 702 (2005), quoting Sullivan v. Boston Gas Co., 414 Mass. 129, 137 (1993) (a "successful negligent infliction of emotional distress claim . . . must do more than allege 'mere upset, dismay, humiliation, grief and anger'").

Similarly, the facts alleged by the plaintiff do not rise to the level of extreme and outrageous conduct by the defendants that is required to support a claim of intentional infliction of emotional distress.

> "Liability for 'extreme and outrageous' conduct cannot be predicated upon mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities, nor even is it enough that the defendant . . . has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort; rather, [l]iability [may be] found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community [quotations omitted]."

Roman v. Trustees of Tufts College, 461 Mass. 707, 718 (2012). In support of his claim for intentional infliction of emotional

7

distress, the plaintiff references e-mails sent by the defendants describing potential violations of codes of conduct by the plaintiff and membership implications. He also references the defendants' actions of inviting him to an event only to later rescind that invitation, and finally the defendants' failure to respond to e-mails that he had sent. Put plainly, these communications and actions may have offended the plaintiff, but they do not demonstrate extreme and outrageous behavior by the defendants.

We do not address the plaintiff's challenge to the dismissal of the counts alleging elder abuse or defamation as these issues were not argued in the plaintiff's brief. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"). Finally, although the plaintiff has

filed an appeal of the denial of his motion for reconsideration, he has failed to provide any appellate argument.  Id.

Judgment affirmed.

Order denying motion for
  reconsideration affirmed.

By the Court (Vuono, Rubin &
  Walsh, JJ.[5]),

Clerk

Entered:  August 21, 2024.

---

[5] The panelists are listed in order of seniority.